STATE of Minnesota, petitioner,
Appellant,

v.

Donald PERKINS, Respondent.

No. CX–97–905.

Supreme Court of Minnesota.

Jan. 14, 1999.

Charles E. MacLean, Winona County Attorney, Steven L. Schleicher, Assistant Winona County Attorney, Winona, Michael A. Hatch, Minnesota Attorney General, St. Paul, for appellant.

John M. Stuart, Minnesota State Public Defender, Leslie J. Rosenberg, Special Assistant State Public Defender, Minneapolis, for respondent.

## OPINION

STRINGER, Justice.

This matter was originally before this court on an appeal by appellant State of Minnesota from an order of the court of appeals affirming a trial court's pre-trial order suppressing evidence and dismissing the charge of fifth-degree controlled substance violation against respondent Donald Perkins. Because during the omnibus hearing below neither the defense nor the prosecution directly addressed the legality of police entry into the hotel room occupied by Perkins and others, we remanded for the limited purpose of reopening the hearing to address this issue.[1] The trial court held a second omnibus hearing and issued a supplemental order admitting the evidence. We now affirm the trial court's supplemental order.

The relevant facts are set forth in our opinion in *State v. Perkins*[2] and will not be repeated here. They are essentially undisputed. Following the second omnibus hearing, the trial court's supplemental order enumerated additional facts, including: (1) the registration card signed by Perkins carried a notice that guests would be "removed" from the hotel "if other guests are disturbed by activities in the Hotel by the undersigned, their guests or any persons associated with their stay at the Hotel;" (2) that Perkins was aware of the two earlier complaints and warnings prior to the time the manager asked him and his guests to leave; (3) that Perkins was the only male not wearing a cap when the police entered the room; and (4) that Winona police have a photograph taken before January 12, 1997, showing Perkins wearing a baseball cap identical to that containing crack cocaine found in the hotel room.

The trial court denied Perkins' motion to suppress the evidence seized in the search, concluding that Perkins "no longer had a legitimate reasonable expectation of privacy in the room" at the time of the search, and therefore lacked standing under the Fourth Amendment or Article 1, § 10 of the Minnesota Constitution. For support, the trial court looked to a federal case, *United States v. Rambo*,[3] which, under similar circumstances, examined the effect of Minnesota's "undesirable guest statute," Minn.Stat. § 327.73, subd. 1(2), on the privacy interests of evicted hotel guests. The trial court, as did the court in *Rambo*, found that disruptive conduct by a guest had the effect of terminating the guest's reasonable expectation of privacy and consequently the right to object to the police entry and search of the room.[4]

Although unnecessary to its holding, the trial court found as additional grounds for denying Perkins' suppression motion that the warrantless entry and search were justified by probable cause and exigent circumstances—specifically the false identification and the smell of burning marijuana—suggesting the destruction of evidence. The trial court therefore concluded there were sufficient facts to support the charge and denied Perkins' motion to dismiss the charge against him.

We agree with the trial court's conclusion that under the circumstances Perkins had lost any reasonable expectation of privacy in the hotel room at the time the police entered. The Fourth Amendment protects against unreasonable searches and seizures, and its protections are not triggered unless an individual has a legitimate expectation of privacy in the invaded space.[5] An expecta-

---

1. *State v. Perkins*, 582 N.W.2d 876, 879 (Minn. 1998).

2. *Id.* at 876—77.

3. 789 F.2d 1289 (8th Cir.1986).

4. *See id.* at 1296.

5. *Minnesota v. Carter*, —— U.S. ——, 119 S.Ct. 469, 473, —— L.Ed.2d—— (1998); *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (Fourth Amendment inquiry "requires a determination of whether the disputed search and seizure has infringed an interest of the defendant").

tion of privacy is legitimate if it is "one that society is prepared to recognize as 'reasonable.' "[6] But even a reasonable expectation of privacy may be waived if a defendant's conduct, objectively viewed in light of the totality of the circumstances, "mandates the conclusion that any expectation of privacy * * * was unreasonable."[7] In *State v. Tungland,* a defendant objected to the admission of evidence seized during a search of his automobile.[8] We held that the defendant's conduct, which included parking on private land without permission, leaving an open bottle in plain view, leaving the keys in the ignition and failing to lock the doors, waived any privacy interest he may have ordinarily held in the automobile.[9]

 Perkins' conduct likewise destroyed any reasonable expectation of privacy he would otherwise have had in the hotel room. It is not disputed that he signed a registration card that stated that guests who caused a disturbance would be asked to leave. Perkins was aware of the manager's first two warnings and could not have been unaware that the "party" remained excessively loud. Under these circumstances, any expectation of privacy held by Perkins was clearly unreasonable and his Fourth Amendment rights were not infringed by the search of the hotel room.

We also agree that police had sufficient probable cause to arrest Perkins in connection with the crack cocaine found in the baseball hat. An objective standard is used to determine the lawfulness of an arrest, taking into account the totality of the circumstances to determine whether the police could reasonably believe that a crime has been committed by the defendant.[10] The record indicates that Perkins was known by the police to possess a hat identical to the one found with the cocaine, and that he was the only male in the room who was not wearing a hat at the time the police entered

the room. The assumption of the police that the cocaine belonged to Perkins was reasonable under the circumstances.

Thus we affirm the trial court's second omnibus order, subject to objections of relevance and application of the rules of evidence, and remand the matter for trial. Perkins' motion for attorney fees is denied.

Affirmed and remanded for trial.

---

**6.** *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring).

**7.** *State v. Tungland,* 281 N.W.2d 646, 650 (Minn. 1979).

**8.** *Id.* at 648.

**9.** *Id.* at 649.

**10.** *State v. Thompson,* 578 N.W.2d 734, 741 (Minn.1998); *In re Welfare of G.M.,* 560 N.W.2d 687, 695 (Minn.1997).