**STATE of Minnesota, Respondent,**

v.

**Nathan THOMAS, Appellant.**

**No. C3–98–1260.**

Court of Appeals of Minnesota.

July 13, 1999.

Review Denied Sept. 28, 1999.

Mike Hatch, Attorney General, St. Paul, for respondent.

Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, for respondent.

Bradford Colbert, Assistant State Public Defender, St. Paul, for appellant.

Considered and decided by RANDALL, Presiding Judge, DAVIES, Judge, and FOLEY, Judge.*

## OPINION

DAVIES, Judge.

Appellant challenges the trial court's pretrial order denying his motion to suppress evidence, arguing that a guest in his hotel room did not have authority to consent to a police search of the room and room safe. Because the guest did not have authority to consent to the search of the locked safe, we reverse.

## FACTS

In September 1997, St. Paul Police Officer Karels, while on routine patrol, interrupted an argument between a woman and two men in the Days Inn Hotel parking lot. One of the men was appellant Nathan Thomas. The woman was Carolyn Harrison. Noticing a strong smell of marijuana, Officer Karels asked appellant if he was smoking marijuana. Appellant replied, "Yes." Officer Karels then asked appellant for permission to search the car, and appellant responded, "Go ahead." Additional police and a narcotics detector dog arrived, and appellant was taken from the car. Before putting appellant in a police vehicle, the officers did a pat search and discovered in appellant's pocket three Days Inn room keys (two keys to room 412 and one to room 410) and a safe key. When Officer Karels later asked appellant what his room was, appellant responded, "Room 410." When asked who was in room 412, appellant replied that he did not know.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

He also denied knowledge of why he had two keys to room 412.

Harrison was apparently released, but appellant was held while Officer Karels interviewed a Days Inn employee. The employee said that appellant had checked into room 410 the previous day, but appellant and Harrison had appeared later at the front desk and requested a room change. Appellant was reassigned to room 412. The employee also stated that she wanted appellant evicted from the hotel because he had been smoking marijuana in the hotel parking lot.

Officer Karels went to room 412 and knocked. Harrison opened the door. She indicated she was staying in the room with appellant. When asked if the room could be searched, she answered, "Yes." When the narcotics detector dog entered the room, the dog "hit" on the room's safe. Using the safe key found on appellant, Officer Karels opened the safe. Inside was a small revolver, $300 in cash, and more than 300 plastic bags containing what was later determined to be cocaine (approximately 94 grams).

Appellant was arrested and charged with first-degree possession of a controlled substance in violation of Minn.Stat. § 152.021, subd. 1(1). At the omnibus hearing, appellant moved to suppress the evidence obtained during the search. The trial court, concluding that Harrison had common authority over the room and safe and had consented to the search, denied the motion to suppress.

Appellant waived a jury trial, and the case was submitted to the court on the facts in the complaint and police reports. The court found appellant guilty and sentenced him to 81 months (6 years, 9 months). Appellant now challenges the trial court's pretrial ruling that valid consent had been given to search the hotel room and safe.

## ISSUES

1. Did a co-tenant have authority to consent to a police search of a hotel room?

2. Did the consent to the search of the hotel room lawfully extend to the search of the safe in which appellant locked his belongings?

## ANALYSIS

■ When, as here, the facts are not in dispute, a court reviewing the reasonableness of a search analyzes the facts to determine if the police officers' actions were justified as a matter of law. *State v. Halla–Poe*, 468 N.W.2d 570, 572 (Minn. App.1991).

■ The Fourth Amendment protects persons against unreasonable searches and seizures. U.S. Const. Amend. IV; *see also* Minn. Const. art. I, § 10 (prohibiting unreasonable searches and seizures). This protection extends to persons staying in hotel rooms. *Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856 (1964); *State v. Hatton*, 389 N.W.2d 229, 232 (Minn.App.1986), *review denied* (Minn. Aug. 13, 1986).

■ A search is reasonable only if it is conducted with a valid search warrant or the search fits one of the recognized exceptions, including:

> (1) a search conducted incident to a lawful arrest, (2) a search conducted because of exigent circumstances, and (3) a search conducted with consent.

*Hatton*, 389 N.W.2d at 232 (citation omitted). Here, the warrantless search of appellant's hotel room was not conducted incident to a lawful arrest. Nor were there exigent circumstances to justify a warrantless search.

■ An individual whose premises are being searched may consent to a search. *In re Welfare of D.A.G.*, 484 N.W.2d 787, 789 (Minn.1992). Likewise, a person with "common authority" over the premises "may consent to a search even though the person with whom that authority is shared is absent and does not consent." *Id.*

The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements, but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*United States v. Matlock*, 415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 993 n. 7, 39 L.Ed.2d 242 (1974) (citations omitted). "[A] finding of 'mutual use' is the essential ingredient of effective consent." *State v. Buschkopf*, 373 N.W.2d 756, 767 (Minn.1985), *abrogated on other grounds, Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

■ Appellant argues that Harrison, as his guest in the hotel room, did not have authority to consent to the search of his hotel room. We disagree. Harrison had appeared with appellant the previous day to request the room change. And when the officers knocked on the room 412 door, Harrison was in the room (indicating she had a way of getting into the room in appellant's absence). She also informed the police that she was staying in the room with appellant. We conclude that Harrison had mutual use of the room and authority to consent to a search of the room. And there is no indication in the record that appellant objected to the search, thus withdrawing the consent to search room 412 given by Harrison.

■ Harrison's authority to consent to a search did not, however, extend in this situation to a search of the room's locked safe. *See Donovan v. A.A. Beiro Constr. Co.*, 746 F.2d 894, 901–02 (D.C.Cir.1984) (search conducted pursuant to third-party consent does not extend to areas in which absent owner has reasonable privacy expectations); *United States v. Block*, 590 F.2d 535, 541 (4th Cir.1978) (mother's consent to search of son's room did not extend to interior of son's footlocker).

The safe contained items belonging only to appellant and he carried the safe key in his pocket, indicating that appellant expected to keep these items within his personal control. *See Buschkopf*, 373 N.W.2d at 767 (third party does not have common authority where first party reasonably expects "to retain control and privacy over the effects vis–à–vis the third person").

■ state argues that, because appellant denied he was staying in room 412, he had no expectation of privacy in that room or safe and, thus, no claim of protection under the Fourth Amendment. *See State v. Perkins*, 588 N.W.2d 491, 492 (Minn.1999) (Fourth Amendment protections "are not triggered unless an individual has a legitimate expectation of privacy in the invaded space"). We agree that appellant told Officer Karels that he was staying in room 410. But the officers at some point escorted appellant to room 412, either because he said he was staying in room 412 or because the officers did not believe appellant's claim that he occupied room 410. Either way, appellant was staying in room 412, and the officers believed he was staying in room 412. Absent consent, they were obligated to honor appellant's expectation of privacy in room 412.

The state also argues that appellant lost his expectation of privacy when the hotel evicted him from the room. The state cites the recent *State v. Perkins* decision. In *Perkins*, the supreme court upheld the admission of evidence obtained in a warrantless search of a hotel room on the ground that, at the time of the search, the hotel guest had lost his reasonable expectation of privacy in the hotel room. 588 N.W.2d at 492. The privacy expectation was lost, however, not because the police had come to evict the guest, but rather because the hotel guest continued to host a loud and disruptive party after notice that he would be removed if the noise did not stop. *Id.* at 491. Here, there is no evi-

dence that appellant had prior notice that he would be evicted or had done anything in his room to destroy his reasonable expectation of privacy in that room. Appellant had a reasonable expectation of privacy in the room and safe.[1]

## D E C I S I O N

Although Harrison had authority to consent to a police search of appellant's hotel room, her authority to consent did not extend to a search of the room's locked safe in which appellant retained an expectation of privacy personal to himself. The trial court erred in admitting the evidence.

**Reversed.**

---

1. Appellant, in his pro se brief, claims that the district court violated his right to a speedy trial. Appellant's claim is without merit.